FILED ENTERED
LODGED RECEIVED

JAN 28 2026

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 1:26-mj-00233-DRM |
| | * | |
| KEVIN MENDEZ VASQUEZ | * | |
| | * | |

\*\*\*\*\*\*\*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Elizabeth Giambra, being duly sworn, deposes and states the following:

1.  I am a Deportation Officer with United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since June 1, 2025. I am authorized by law to interrogate, arrest, search, and seize aliens who are unlawfully present in the United States pursuant to Title 8, United States Code, Section 1357. Throughout my career, I have been involved in the investigation of numerous cases involving the illegal reentry of aliens into the United States and other violations of the Immigration and Nationality Act ("INA").

2.  I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

3.  Because I have submitted this Affidavit for the limited purpose of establishing probable cause, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause.

1

4. This Affidavit is submitted in support of a criminal complaint and arrest warrant for Kevin Mendez Vasquez ("**MENDEZ VASQUEZ**") charging him with reentry after removal subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2).

**PROBABLE CAUSE**

5. **MENDEZ VASQUEZ** is a citizen and national of El Salvador, and is not a native, citizen, or national of the United States.

6. At an unknown date and time in September of 1995, **MENDEZ VASQUEZ** entered the United States at or near an unknown location in Arizona without inspection, admission, or parole by an Immigration Officer. On June 25, 2010, ICE Enforcement and Removal Operations ("ERO") in Washington, D.C. ("ERO-WAS") lodged a detainer on **MENDEZ VASQUEZ** at the Virginia Department of Corrections ("VADOC") where **MENDEZ VASQUEZ** was serving his five-year sentence of incarceration described in further detail below. On January 19, 2011, ICE ERO-WAS issued and served **MENDEZ VASQUEZ** with a Notice of Intent to Issue a Final Administrative Removal Order (Form I-851). **MENDEZ VASQUEZ** signed this Notice of Intent and admitted to the allegations and charge contained therein. On February 22, 2011, ICE ERO-WAS issued and served **MENDEZ VASQUEZ** with a Final Administrative Removal Order (Form I-851A). On April 6, 2011, ICE ERO in Buffalo, New York, issued and served **MENDEZ VASQUEZ** with a Warrant of Removal/Deportation (Form I-205). On May 25, 2011, ICE ERO in New Orleans, Louisiana, removed **MENDEZ VASQUEZ** from the United States to El Salvador via ICE Air Operations.

7. After reviewing **MENDEZ VASQUEZ**'s criminal history, ICE law enforcement officials determined that, on or about February of 2002, **MENDEZ VASQUEZ** entered a plea (adjudication withheld) in the Circuit Court of Palm Beach County to Simple Battery (M1), in

violation of Section 784.03(1)(a)(1) of the Florida Statues, for which he was ordered to pay court costs. ICE law enforcement officials also determined that, on or about July 28, 2005, **MENDEZ VASQUEZ** entered a Nolo Contendere plea (adjudication withheld) in the Circuit Court of Martin County to Trespass (M1), in violation of Section 810.09(2)(a) of the Florida Statutes, for which he was sentenced to six months of supervised probation. ICE law enforcement officials further determined that, on or about August 24, 2007, **MENDEZ VASQUEZ** was convicted in the Circuit Court of Fairfax County of three counts of Burglary (F), in violation of Virginia Code Section 18.2-89, three counts of Grand Larceny (F), in violation of Virginia Code Section 18.2-95, and one count of Abduction (F), in violation of Virginia Code Section 18.2-48, for which he was sentenced to a total of twenty years of imprisonment, and ordered to serve a total of five years of imprisonment with the VADOC. After serving this sentence, ICE ERO removed **MENDEZ VASQUEZ** from the United States to El Salvador in May of 2011.

8. At an unknown date and time in 2015, **MENDEZ VASQUEZ** subsequently re-entered the United States at an unknown location near the United States' southern border without inspection, admission, or parole by an Immigration Officer. On January 19, 2026, ICE law enforcement officers, assigned to ERO in Baltimore, Maryland ("ERO-BAL"), encountered **MENDEZ VASQUEZ** during a vehicle investigation on the 7800 block of Washington Boulevard in Elkridge, Maryland, which is in the District of Maryland. **MENDEZ VASQUEZ** was placed under arrest for violating the INA and transported to the ICE Baltimore Field Office for further processing. On January 19, 2026, fingerprint impressions were obtained from **MENDEZ VASQUEZ** and electronically submitted to various law enforcement databases. On January 19, 2026, ICE ERO-BAL issued and served **MENDEZ VASQUEZ** with a Notice of Intent/Decision to Reinstate a Prior Order of Removal (Form I-871) pursuant to Section 241(a)(5) of the INA.

9. On January 23, 2026, Stephanie Fox, a Senior Fingerprint Specialist with the Homeland Security Investigations Forensic Laboratory ("HSI-FL"), performed a visual examination comparing the fingerprint impressions taken after **MENDEZ VASQUEZ's** arrest on January 19, 2026, with the fingerprint impressions taken in connection with **MENDEZ VASQUEZ's** arrests in Florida, and the fingerprint impression taken from **MENDEZ VASQUEZ's** Warrant of Removal/Deportation (Form I-205) on April 6, 2011. After conducting a comparative analysis of the friction ridge detail in spatial relationship to one another for these sets of fingerprints, Ms. Fox concluded that there were no explainable differences between the characteristics in question and identified these fingerprint impressions as being made by the same individual, i.e., **MENDEZ VASQUEZ**.

10. Following **MENDEZ VASQUEZ's** prior deportation, there is no record that **MENDEZ VASQUEZ** ever obtained permission to reenter the United States from the Secretary for Homeland Security, the United States Attorney General, or any other authorized official.

## CONCLUSION

11. Accordingly, pursuant to the facts set forth above, I submit that probable cause exists for the issuance of a criminal complaint and warrant for the arrest of **MENDEZ VASQUEZ**, an alien who previously had been removed from the United States subsequent to an aggravated felony conviction, and who knowingly entered, and was found in, the United States, without having obtained the express consent of the Attorney General of the United States or his successor, or the Secretary for Homeland Security, to reapply for admission in the United States as required by law in violation of 8 U.S.C. § 1326(a) and (b)(2).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

ELIZABETH A GIAMBRA
Digitally signed by ELIZABETH A GIAMBRA
Date: 2026.01.26 11:58:33 -05'00'

Elizabeth Giambra
Deportation Officer
U.S. Immigration and Customs Enforcement

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) this 26th day of January 2026.

Honorable Douglas R. Miller
United States Magistrate Judge